**FILED**
**June 18, 2020**
**Time 8:36 AM**
**TN COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT NASHVILLE

| | | |
|---|---|---|
| EARL WILLIS, | ) | |
| **Employee,** | ) | **Docket No. 2016-06-0702** |
| v. | ) | |
| | ) | **State File No. 30458-2016** |
| EXPRESS TOWING, | ) | |
| **Uninsured Employer.** | ) | **Judge Joshua Davis Baker** |
| | ) | |

---

## ORDER OF DISMISSAL WITH PREJUDICE

---

This case came before the Court on Mr. Willis's Request for a compensation hearing on the record. After much consideration, the Court finds it cannot conduct a compensation hearing, as the case is moot, and dismisses the case with prejudice.

### *Procedural History*

Mr. Willis sustained an injury while working for Express Towing, an employer that failed to carry workers' compensation insurance. The Court documented Mr. Willis's injury in two expedited hearing orders, ordered that he was entitled to benefits, and held that he was eligible to receive benefits from the Uninsured Employers Fund (UEF). The Court found Express Towing was a statutory employer under the Worker's Compensation Law.

Because it documented the claim's history in previous orders, the Court will recount only those details bearing upon the claim's dismissal. However, the Court finds it appropriate to provide additional detail due to payments Mr. Willis received from the UEF.

Mr. Willis filed a Petition for Benefit Determination in April 2016, naming Allen Mann and Mike Copeland as contact persons for Express Towing and alleging that Express Towing had "no worker's [sic] comp [insurance]." He then filed a request for expedited hearing, and the Court held that hearing in Mr. Mann's and Mr. Copeland's absence.

After the hearing, the Court held that Mr. Willis would likely prove he suffered a compensable injury at a final hearing and ordered Express Towing to pay him accrued and ongoing temporary disability benefits. The Court also found Mr. Willis eligible to receive benefits from the UEF under Tennessee Code Annotated section 50-6-801. Following the ruling, Express Towing hired counsel, who requested a stay and a second expedited hearing to present proof that Express Towing employed fewer than five people, which exempted it from the Workers' Compensation Law.

At the second hearing, the Court held that Mr. Willis would likely succeed in proving he was an employee of Express Towing and that Express Towing was not exempt from the requirement to provide workers' compensation insurance coverage. The ruling was affirmed on appeal, and the case remanded.

After the remand, Mr. Willis filed various motions to prosecute his claim and participated in telephonic hearings through counsel. He also applied for and received payment from the UEF. The posture of the case changed, however, when Mr. Mann declared bankruptcy.

After Mr. Mann declared bankruptcy, the Court granted a stay of the claim pending resolution of the bankruptcy filing. This left Mr. Willis in limbo, so he filed a motion for payment of his medical bills. At the motion hearing, Mr. Willis's counsel reported that the UEF paid Mr. Willis some benefits, but that Mr. Willis was "unable to obtain a disability rating" due to outstanding medical bills. Mr. Willis never obtained an impairment rating.

On June 26, 2017, the United States Bankruptcy Court of the Middle District of Tennessee entered an order discharging Mr. Mann's debts in bankruptcy. The discharge order stated that it "voids any judgment" and "operates as an injunction against the commencement or continuation of an action . . . to recover or offset any such debt as a personal liability of the debtor." As the sole owner of Express Towing, that discharge ended Mr. Mann's and Express Towing's potential liability in this claim.

After Mr. Mann's bankruptcy discharge, the Court held several hearings and status conferences to address Mr. Willis's request for additional medical and temporary disability benefit payments from the UEF. Because the UEF was not and cannot be joined as a party to any workers' compensation claim, the Court denied relief. Mr. Willis has now filed a request for a compensation hearing on the record.

*Findings of Fact and Conclusions of Law*

A claim for workers' compensation benefits is not an exception to discharge in bankruptcy. *See* 11 U.S.C. § 523 (2017). A discharge "voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727." *See* 11 U.S.C. § 524(a)(1). The discharge order "operates as an injunction against the commencement or continuation of an action . . . to recover or offset any such debt as personal liability of the debtor." *Id* at (a)(2). Thus, the judgment awarded to Mr. Willis for workers' compensation benefits is void, and the discharge order operates as a permanent injunction. Continuing to prosecute his clam would violate federal law and subject Mr. Willis to both sanctions and civil contempt.

The Court finds that Mr. Willis has diligently and thoroughly prosecuted his claim to the extent lawfully allowed. Payment from the UEF is within the discretion of the Bureau's administrator, and the Bureau has authority to seek recovery of UEF payments from an employee if he fails to prosecute his claim. *See* Tenn. Code Ann. sec. 50-6-802(e)(1) and (e)(2) (2019). However, in this case, Mr. Willis appeared personally for expedited hearings and appeared through counsel for multiple motion hearings and status conferences, and his counsel filed motions on his behalf to seek enforcement of the Court's interlocutory orders. Thus, the Court finds he did not fail to prosecute his claim, but his attempts were arrested by the bankruptcy ruling.

Therefore, the Court cannot conduct a final compensation hearing as requested and dismisses Mr. Willis's case with prejudice to its refiling. No costs are assessed.

**IT IS ORDERED**

**ENTERED JUNE 18, 2020.**

_____
**Judge Joshua Davis Baker**
**Court of Workers' Compensation Claims**

# CERTIFICATE OF SERVICE

I certify that a correct copy of this order was sent as indicated on June 18, 2020.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Eric Lehman, Employee's Attorney | | | X | eric@lehmansandifar.com; elisabeth@lehmansandifar.com |
| Craig Allen Mann, Employer | X | | | 1128 Corum Hill Rd. Castalian Springs, TN 37031 |
| Lashawn Pender | | | X | lashawn.pender@tn.gov |

_____

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

### Parties
**Appellant(s)** (Requesting Party): _____  ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____      2. Address: _____

3. Telephone Number: _____      4. Date of Birth: _____

5. Names and Ages of All Dependents:

   _____      Relationship: _____

   _____      Relationship: _____

   _____      Relationship: _____

   _____      Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | | |
|---|---|---|---|---|
| AFDC | $ _____ | per month | beginning | _____ |
| SSI | $ _____ | per month | beginning | _____ |
| Retirement | $ _____ | per month | beginning | _____ |
| Disability | $ _____ | per month | beginning | _____ |
| Unemployment | $ _____ | per month | beginning | _____ |
| Worker's Comp. | $ _____ | per month | beginning | _____ |
| Other | $ _____ | per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental   $ _____ per month

Groceries        $ _____ per month     Telephone       $ _____ per month

Electricity        $ _____ per month     School Supplies $ _____ per month

Water          $ _____ per month     Clothing        $ _____ per month

Gas           $ _____ per month     Child Care       $ _____ per month

Transportation $ _____ per month     Child Support   $ _____ per month

Car           $_____ per month

Other         $ _____ per month (describe: _____ )

10. Assets:

Automobile           $ _____       (FMV) _____

Checking/Savings Acct. $ _____

House                $ _____       (FMV) _____

Other                $ _____       Describe:_____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____